F I L E D
United States Court of Appeals
Tenth Circuit

May 23, 2006

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MARK EUGENE SMITH,

       Petitioner – Appellant,

v.

DAYTON J. POPPELL, Warden; and
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

       Respondents – Appellees.

No. 06-5039
(D.C. No. 03-CV-233-TCK-FHM)
(N.D. Okla.)

ORDER DENYING CERTIFICATE
OF APPEALABILITY

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Mark Smith, a state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. For substantially the same reasons set forth by the district court, we **DENY** a COA and **DISMISS**.

Smith was pulled over as he was driving away from a residence located in Tulsa County, Oklahoma. Police suspected the residence concealed a methamphetamine laboratory. Because Smith's driver's license was suspended, the officers asked him to step out of the vehicle. As Smith exited the vehicle, officers observed a gallon bottle of iodine in the front seat and lye in a shopping

bag. Following a search of the vehicle, officers found several bags containing tincture of iodine, Ice-O-Heat, lye, and hydrogen peroxide. They also found a box containing red-stained, wet coffee filters, two sets of stained gloves, and finished methamphetamine. Smith was arrested, and after being read his <u>Miranda</u> rights, admitted to police officers that he had purchased the chemicals found in the vehicle for the purpose of manufacturing methamphetamine with the owner of the nearby house.

As a result of these events, Smith was charged with unlawful manufacturing of methamphetamine, unlawful possession of methamphetamine, unlawful possession of a precursor substance to methamphetamine without a permit, and driving under a suspended license. Following a jury trial, Smith was convicted on all counts, and sentenced to thirty two years' imprisonment. Smith appealed his convictions and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"), which reversed his conviction for unlawful possession of a precursor substance, but affirmed Smith's remaining convictions. After his partially successful appeal, Smith remained sentenced to twenty seven years' imprisonment.

This § 2254 petition followed. Smith asserts that the (1) the evidence at trial was insufficient to sustain a conviction for attempted manufacture of methamphetamine as a matter of law and (2) the state district court failed to exclude evidence obtained in violation of the Fourth Amendment. The district

court rejected both claims, and denied Smith's subsequent request for a COA. Having failed to secure a COA from that court, Smith now seeks a COA from this court.[1]

On appeal, Smith reasserts the arguments made before the district court. We review Smith's sufficiency of the evidence challenge only to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Smith claims he was responsible for only the items found in his vehicle, and that he was not responsible for any of the items found in the house. He insists that because he did not have several items essential for the production of methamphetamine in his vehicle, he could not have been found guilty of attempted manufacture by any rational trier of fact. Given Smith's admission to

---

[1] Smith's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Smith to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Smith a COA, he may not appeal the district court's decision absent a grant of COA by this court.

the arresting officers that he purchased the items found in his car to manufacture methamphetamine with the owner of the nearby house and the many precursor ingredients found in Smith's vehicle, a rational trier of fact easily could have found the essential elements of the charged offenses. As such, we reject Smith's sufficiency challenge.

Smith also claims that the evidence found in his vehicle should have been suppressed because he was improperly stopped as he drove away from the residence. He argues that the officer possessed insufficient evidence to give rise to a reasonable suspicion that he was engaged in a criminal act. In the state trial court, Smith was afforded an evidentiary hearing on his motion to suppress and quash. The state trial court denied the motions. Moreover, throughout the trial, defense counsel objected to admission of evidence based on arguments asserted in his motion to suppress. Smith also raised this Fourth Amendment claim on direct appeal, where it was rejected by the OCCA. Based on this record, Smith has had a full and fair opportunity to litigate this Fourth Amendment claim in the state courts. As such, we are precluded from revisiting this Fourth Amendment claim on habeas. Stone v. Powell, 428 U.S. 465, 494 (1976).

Smith's application for a COA is **DENIED** and the appeal is **DISMISSED**.

Smith's petition to proceed in forma pauperis is **GRANTED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge